UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DR GREEN INC,<br>     Plaintiff,<br> v.<br>JAMES MATTHEW STEPHENS, et al.,<br>     Defendants. | CASE NO. 23-mc-0076-KKE<br><br>ORDER DENYING MOTION TO QUASH |

   This matter comes before the Court on Northwest Wholesale Group, Inc. and Thomas Prieto's ("Movants") motion to quash a subpoena issued to American Express by Spectrum Laboratories, LLC. Dkt. No. 1. For the reasons stated below, the Court denies the motion.

   On November 25, 2020, the United States District Court of the Southern District of California entered judgement in favor of Spectrum against Dr. Greens, Inc. for over $3,000,000. Evans Decl. (Dkt. No. 3), Ex. 1. On October 20, 2023, Spectrum issued a subpoena to American Express under Federal Rule of Civil Procedure 69(a)(2). Steinberg Decl. (Dkt. No. 1-1), Ex. 2. The subpoena seeks all documents and communications (including account and credit card statements) related to various individuals and companies, including Prieto. *Id.* at 4–5.

ORDER DENYING MOTION TO QUASH - 1

Movants seek to quash the subpoena's request for American Express documents and communications related to Prieto under Federal Rule of Civil Procedure 45(d)(3).[1]  Dkt. No. 1. Movants argue "Mr. Prieto's personal charge account records have no relevance to the Judgment Creditor's claims (if any) in this case." *Id.* at 6.  In response, Spectrum argues (1) Movants lack standing to bring this motion, and (2) the subpoena requests "are directly related to the Judgment Debtors and/or entities and individuals who are admittedly and/or currently involved with the Judgment Debtors."  Dkt. No. 2 at 7.

The Court agrees with Spectrum that Movants lack standing to bring this motion to quash. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."  *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010) (cleaned up).  As thoroughly explained in the *Coalview* case, there is no such right or privilege with respect to bank records.  *Coalview Centralia, LLC v. Transalta Centralia Mining LLC*, 2019 WL 2563851, at *3 (W.D. Wash. 2019) ("The Supreme Court has determined that a customer's bank records 'lack ... any legitimate expectation of privacy' and held that subpoenas seeking a party's bank records may not be quashed on this basis.") (quoting *U.S. Bank Nat'l Ass'n v. James*, 264 F.R.D. 17, 18–19 (D. Me. Feb. 21, 2010)).  Because Movants fail to identify a recognized personal right or privilege to the American Express records, Movants lack standing to bring this motion.

Moreover, even if Movants did have standing to challenge the subpoena on relevance grounds, Spectrum has met the low threshold for relevance here.  *See Republic of Argentina v.*

---

[1] Based on counsel's representations at oral argument, Movants no longer object to the subpoena's request for documents and communications related to Northwest Wholesale Group.  *See also* Dkt. No. 5 at 2.

ORDER DENYING MOTION TO QUASH - 2

*NML Capital, Ltd.*, 573 U.S. 134, 138 (2014) (describing the rules governing post-judgment discovery as "quite permissive").

For all the reasons provided, the motion to quash is DENIED. Dkt. No. 1.

Dated this 20th day of November, 2023.

Kymberly K. Evanson
United States District Judge